UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Green,

    Plaintiff,

v.                                                                                  Case No. 15-13479

City of Southfield, *et al.*,                                    Sean F. Cox
                                                                                                   United States District Court Judge

    Defendant.
_____/

## ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT
## AS TO DEFENDANT GEICO

Plaintiff obtained a Clerk's Entry of Default against Defendant Geico Indemnity Company ("Geico") on January 1, 2016.  The matter is currently before the Court on Geico's Motion to Set Aside that Clerk's Entry of Default.  (D.E. No. 31).  The Court finds that oral argument would not aid the decisional process.  *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided without oral argument.  As explained below, the Court shall GRANT the motion to the extent that the Court shall set aside the Clerk's Entry of Default because Plaintiff did not properly serve Defendant Geico.

## BACKGROUND

Acting through Counsel, Plaintiff filed this action on October 3, 2015.  Plaintiff's original complaint (D.E. No. 1) was based upon federal-question jurisdiction and asserted claims under 42 U.S.C. § 1983 claim against Defendant City of Southfield and several of its police officers ("the Southfield Defendants"). It did not include Defendant Geico as a Defendant.

1

On October 15, 2015, Plaintiff filed a "First Amended Complaint" (D.E. No. 4) that added Defendant Geico as a Defendant and asserted a state-law "Breach of Contract Claim Against Defendant Geico Only." (*Id*. at Pg ID 41).

Plaintiff's Counsel filed another document titled "First Amended Complaint" on October 21, 2015. (D.E. No. 6). The next day, October 22, 2015, Plaintiff's Counsel filed "Errata Sheets to First Amended Complaint and Jury Demand" (D.E. No. 7) stating that it was to "correct either typographical, grammatical or spacing errors."

The Southfield Defendants filed a Motion to Dismiss on November 20, 2015 (D.E. No. 11). On November 23, 2016, the Court noticed that motion to be heard on March 24, 2016. (D.E. No. 12).

On December 2, 2016 – without seeking leave to do so – Plaintiff purported to file a "Second Amended Complaint" (D.E. No. 13) that still included Defendant Geico as a Defendant. When filing that pleading, Plaintiff's Counsel identified it as "Amended Errata Sheet" and connected it to Docket Entry No. 7).

On December 10, 2015, the Southfield Defendants filed a Motion to Strike Second Amended Complaint. (D.E. No. 14).

On December 23, 2015, Counsel for Defendant Geico entered an appearance in this action. (D.E. No. 19).

On January 26, 2016, Plaintiff requested a Clerk's Entry of Default as to Defendant Geico. As of that date, no proof of service as to Defendant Geico had been filed in this action. Plaintiff's Request for Clerk's Entry of Default requested a Clerk's Entry of Default against Defendant Geico for "failure to plead or otherwise defend" and contained an affidavit by

2

Plaintiff's Counsel indicating that "the summons and complaint" were served on an unidentified person or entity on 12/04/2015 "at 255 East Brown St., Suit 340, Birmingham, MI 48009" "*by regular mail*." (D.E. No. 25) (emphasis added). Plaintiff's Counsel attached a proof of service to its Request for Clerk's Entry of Default (D.E. No. 25-1) that indicated service had been accomplished by:

> 1st Class U.S. Mail
> 255 E. Brown St.
> Suite 340
> Birmingham, MI 48009
> ***C/O Cheryl Ronk, Esq.***

(*Id.*) (emphasis added).

The State Bar of Michigan lists Cheryl Ronk as an attorney who is located in Farmington Hills, Michigan.

The Clerk's Office entered a Clerk's Entry of Default as to Defendant Geico on January 26, 2016. (D.E. No. 26).

On January 28, 2016, Defendant Geico filed a Motion to Set Aside Clerk's Entry of Default. (Docket Entry No. 31). In that motion, Defendant Geico asserts that the Clerk's Entry of Default issued against it should be set aside because, among other things, Plaintiff did not properly serve it under the applicable court rules. Defendant Geico's motion also asks this Court to award it the attorneys fees it incurred in having to bring the motion.

On February 4, 2016, this Court issued a Show Cause Order (D.E. No. 34) wherein this Court ordered "**Plaintiff to SHOW CAUSE**, in writing, no later than **February 11, 2016**, why Defendant Geico's Motion to Set Aside Clerk's Entry of Default should not be granted" and expressly ordered that "Any response filed must specifically address Defendant Geico's

3

argument that Plaintiff failed to properly serve it under the applicable court rules." (*Id.*).

On February 11, 2016, Plaintiff's Counsel filed a response to the Show Cause Order. (D.E. No. 36). As what has unfortunately become Plaintiff's Counsel's regular habit now, another "errata sheet"[1] was filed in connection with that filing, to correct errors. (D.E. No. 37).

## ANALYSIS

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). In practice, Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached a default judgment. *Id.* Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co.*, 705 F.2d at 846.

Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown" the Court may set aside an entry of default. When evaluating either a motion to set aside a proper entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir. 1989).

---

[1] The Court notes that the docket in this case is littered with notices of error directed to Plaintiff's Counsel and numerous "errata sheets" filed by Plaintiff's Counsel to correct errors in Plaintiff's filings.

"However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default." *Adams v. Wilmington Finance/AIG*, 2012 WL 2905918 at * 1 (E.D. Mich. 2012). "In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party." *Harper v. ACS-INC.*, 2010 WL 4366501 at * 3 (E.D. Mich. 2010). Accordingly, "if service of process was not proper, the court must set aside an entry of default." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

In its Motion to Set Aside Clerk's Entry of Default, Geico argues, among other things, that its motion should be granted because Plaintiff did not properly serve Geico. The Court agrees.

First, the docket reflects that Plaintiff did not file a waiver of service, as provided under Fed. R. Civ. P. 4(d).

Second, the docket reflects that Plaintiff did not properly serve Geico under the remaining applicable rules. Pursuant to Rule 4(h) of the Federal Rules of Civil Procedure, unless a waiver of service has been filed, a corporation such as Geico must be served in a judicial district of the United States: 1) "in the manner prescribed by Rule 4(e)(1) for serving an individual" (*see* Fed. R. Civ. P. 4(h)(1)(A)); or 2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Under Fed. R. Civ. P. 4(h)(1)(A), Plaintiff could have properly served Geico, in the manner prescribed under Michigan law, by serving Geico by certified or registered mail. *See* M.C.R. 2.105(D). But Plaintiff simply did not do so. Nor did Plaintiff serve Geico as provided for under Fed. R. Civ. P. 4(h)(1)(B).

Rather, it appears that Plaintiff's Counsel simply mailed (by regular mail) a copy of the summons and complaint to an address in Birmingham, Michigan where an attorney who had previously represented Geico in another matter had previously worked. That is not proper service.

The Court also rejects Plaintiff's argument, made in opposition to Geico's motion, based upon *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011). In that case, the Sixth Circuit concluded that Defendants waived a ***personal jurisdiction*** defense when their attorney entered a general appearance in the case. That case did not involve the issue of whether or not the defendant was properly served.

Accordingly, the Court shall grant Geico's motion, to the extent that it shall set aside the Clerk's Entry of Default against Geico.

## CONCLUSION & ORDER

For the reasons above, the Court ORDERS that Defendant Geico's Motion to Set Aside Clerk's Entry Of Default is GRANTED to the extent that the Court HEREBY SETS ASIDE the Clerk's Entry of Default entered as to Defendant Geico. The motion is DENIED in all other respects.

IT IS SO ORDERED.

             S/Sean F. Cox
             Sean F. Cox
             United States District Judge

Dated: February 22, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Green,

    Plaintiff,

v.                                          Case No. 15-13479

City of Southfield, *et al.*,            Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2016, by electronic and/or ordinary mail.

                                          S/Jennifer McCoy
                                          Case Manager