UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Green,

    Plaintiff,

v.                                                                                           Case No. 15-13479

City of Southfield, *et al.*,                                             Sean F. Cox
                                                                                                 United States District Court Judge

    Defendant.

_____/

## OPINION & ORDER
## ON THE SOUTHFIELD DEFENDANTS' MOTION TO STRIKE (D.E. NO. 14)

Plaintiff Dawn Green ("Plaintiff") filed this action on October 3, 2015. The matter is currently before the Court on the Southfield Defendants' Motion to Strike Plaintiff's Second Amended Complaint. (D.E. No. 14). The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument. As explained below, the Court shall grant the Southfield Defendants' Motion to Strike to the extent that the Court shall strike the amended complaints filed by Plaintiff as Docket Entry Numbers 6 and 13 because they were filed in violation of Fed. R. Civ. P. 15(a). That leaves Plaintiff's "First Amended Complaint and Jury Demand" filed on October 15, 2015 (D.E. No. 4) as the operative complaint in this action.

The Court shall further order that if Plaintiff wishes to file an amended complaint, she must file a motion seeking leave to file an amended complaint, with her proposed amended complaint attached as an exhibit to the motion, no later than March 18, 2016. If Plaintiff does

1

not file such a motion by that date and time, the Court will proceed to determine the Southfield Defendants' Motion to Dismiss, which has already been fully briefed by the parties.

## BACKGROUND

Acting through Counsel, Plaintiff filed this action on October 3, 2015. Plaintiff's original complaint (D.E. No. 1) was based upon federal-question jurisdiction and asserted claims under 42 U.S.C. § 1983 against Defendant City of Southfield and six of its police officers, Traffic Officer Keith Birberick, Sergeant Brian Bassett, Detective Mark Labrosse, Acting Chief Eric Hawkins, Jeffrey Tinsman, and Bryan Jarrell.

On October 15, 2015, Plaintiff filed a "First Amended Complaint" (D.E. No. 4) (the second complaint filed by Plaintiff's Counsel) that added Defendant Geico Indemnity Company as a Defendant and asserted a state-law "Breach of Contract Claim Against Defendant Geico Only." (*Id*. at Pg ID 41). In that First Amended Complaint, Plaintiff also dropped his claims against Hawkins, Tinsman, and Jarrell.

On October 21, 2015, Plaintiff's Counsel filed another complaint that was also titled "First Amended Complaint" (D.E. No. 6) (the third complaint filed by Plaintiff's Counsel). The following day, October 22, 2015, Plaintiff's Counsel filed "Errata Sheets to First Amended Complaint and Jury Demand" (D.E. No. 7) stating that it was to "correct either typographical, grammatical or spacing errors."

On November 20, 2015, the Southfield Defendants filed a Motion to Dismiss on November 20, 2015 (D.E. No. 11).

On November 23, 2016, the Court noticed the Southfield Defendants' Motion to Dismiss to be heard on March 24, 2016. (D.E. No. 12).

On December 2, 2016 – without Defendants' consents and without seeking leave to do so – Plaintiff purported to file a "Second Amended Complaint" (D.E. No. 13) (the fourth complaint filed by Plaintiff's Counsel in this action) that still included claims against the City of Southfield, Birberick, Bassett, Labrosse, and Geico.

On December 10, 2015, the Southfield Defendants filed a Motion to Strike Second Amended Complaint. (D.E. No. 14).

On December 19, 2015, Plaintiff filed her "Response in Opposition to Southfield Defendants' Motion to Dismiss" (D.E. No. 16). On December 21, 2015 – without seeking leave to do so – Plaintiff filed "Plaintiff's Amended Response in Opposition To Southfield Defendants' Motion to Dismiss." (D.E. No. 17). The next day, December 22, 2015, Plaintiff's Counsel filed yet another "errata" sheet; this one to correct mistakes in the document filed as Docket Entry No. 17. (*See* D.E. No. 18).

On December 24, 2015, Plaintiff filed a response to the Southfield Defendants' Motion to Strike. (D.E. No. 20). A few days later, on December 28, 2015, Plaintiff's Counsel filed an "errata" sheet (D.E. No. 21), to correct errors in that filing.

On January 4, 2016, the Southfield Defendants filed a Reply Brief in support of their Motion to Dismiss. (D.E. No. 23).

On January 12, 2016, Plaintiff filed a motion seeking leave to file a "Surreply to respond to two new cases relied upon by Southfield Defendants in support of their motion to strike Plaintiff's Second Amended Complaint." (D.E. No. 24 at Pg ID). Plaintiff identified those two cases as: 1) *Morjara v. Harvard Vanguard*, No. 14-10139, 2015 WL 1276827 (D. Mass. March 20, 2015); and 2) *Keiffer v. Tundra Storage LLC*, No. 14-3192, 2015 WL 5009012 (D. Minn.

Aug. 21, 2015).  (*Id.* at Pg ID 479).  This Court granted that motion by text-only order on February 4, 2016.

But Plaintiff did not thereafter file a sur-reply brief in relation to the Southfield Defendants' Motion to Strike that discussed *Morjara* or *Keiffer*.

Rather, on February 6, 2016 (D.E. No. 35) Plaintiff filed a "Surreply in Opposition To Southfield Defendants' Motion to Dismiss," that does not discuss *Morjara* or *Keiffer* – an entirely different brief than what Plaintiff's Counsel sought leave to file.  In that unauthorized filing, Plaintiff asserts, among other things, that: 1) if the Court grants Defendants' Motion to Dismiss "the Court should accept Plaintiff's Second Amended Complaint As Leave Granted" (*Id.* at Pg ID 604); and 2) the Court should deny Defendants' Motion to Dismiss or, "[i]n the alternative, Plaintiff respectfully requests that the Court accept Plaintiff's second amended complaint filed on December 2, 2015, as a motion for leave granted."  (*Id*. at Pg ID 607).

In any event, the parties have exhaustively briefed the pending Motion to Strike and it is ripe for a decision.

## ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints before trial and provides, in pertinent part:

> (a) Amendments Before Trial.
>
>> (1) Amending as a Matter of Course. A party may amend its pleading *once as a matter of course* within:
>>
>>> (A) 21 days after serving it, *or*
>>>
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is

>   earlier.
>
>   (2) Other Amendments. ***In all other cases***, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a) (emphasis added). Thus, under the plain language of the current[1] version of the rule, "[o]nce a party has exhausted its one-time right to amend as a matter of course, it may make further amendments only with the opposing party's consent or with leave of court." *United States v. D'Agostino*, 802 F.3d 188, 192 (1st Cir. 2015).

Here, Plaintiff filed her original complaint on October 3, 2015. (D.E. No. 1). Without obtaining consent of Defendants or leave of this Court, Plaintiff filed an amended complaint on October 15, 2015 (D.E. No. 4). Thus, by virtue of filing that amended complaint on October 15, 2015, Plaintiff exhausted her one-time right to amend as a matter of course under Rule 15(a)(1) and cannot make any further amendments to her complaint without the opposing party's consent or leave of this Court. Fed. R. Civ. P. 15(a)(1) and (2); *United States v. D'Agostino*, 802 F.3d at 192; *see also* 6 Charles Alan Wright, *Federal Practice and Procedure*, § 1483 (3d ed. 2010) (explaining that under the current version of Rule 15 "only one amendment as a matter of course is permitted.").

Nevertheless, without obtaining either consent of the opposing parties or leave of this Court, Plaintiff filed a third amended complaint on October 21, 2015 (D.E. No. 6) and then filed a fourth amended complaint on December 2, 2015 (D.E. No. 13). The Court shall strike those

---

[1]The same was true prior to the 2009 amendments to Fed. R. Civ. P. 15. *See Ruschel v. Nestle Holdings, Inc.*, 89 F. App'x 518, 522 (6th Cir. 2004) (Fed. R. Civ. P. "15(a) makes clear that amendments to pleadings following the first amendment of right may only be made with the court's permission.").

pleadings (D.E. Nos. 6 & 13) because they were filed in violation of Fed. R. Civ. P. 15(a). *Nicholson v. City of Westlake*, 20 F. App'x 400, 403 (6th Cir. 2001) (Finding that district court did not abuse its discretion when it struck an amended complaint that was filed in violation of Fed. R. Civ. P. 15(a)); *Prakash v. Atladis U.S.A., Inc.*, 2010 WL 2653419 at * 2 (N.D. Ohio 2010); *Adams v. Mortgage Elec. Reg. Sys., Inc*., 2012 WL 9533 at * (E.D. Mich. 2012).

Plaintiff's Counsel appears to believe that a party does not exhaust its one-time right to amend as a matter of course under Rule 15(a)(1) if it files an amended complaint after having filed an original complaint that it did not serve.  (*See* Pl.'s Br. at 5) (Asserting Defendants argue "that Plaintiff had 'exhausted' her one amendment as a matter of course by amending the **<u>unserved</u>** original complaint.  Defendants are wrong.") (bolding and underlining in original); *see also* Pl.'s Motion for Leave to File Surreply Brief, arguing that the "salient issue before the Court" is "whether an amendment to the original complaint before it is served" constitutes an amendment as a matter of course under Rule 15(a)(1)(A), and arguing that it does not).

Plaintiff's Counsel is mistaken.  The plain language of Rule 15(a)(1) does not support his tortured interpretation of the rule and neither does the Ninth Circuit case he relies upon (*Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015)) or the other authority cited by Plaintiff (6 Charles Alan Wright, *Federal Practice and Procedure*, § 1483 (3d ed. 2010)).

Plaintiff cites *Ramirez* for the proposition that an amendment to an original complaint before it is served does not constitute an amendment as a matter of course under Rule 15(a)(1). But *Ramirez* says no such thing.  In that case, Ninth Circuit considered "whether Federal Rule of Civil Procedure 15(a) required the Plaintiff, who filed his First Amended Complaint ***with consent of the opposing party***, to seek leave of court before filing his Second Amended

Complaint." *Ramirez*, 806 F.3d at 1003 (emphasis added). The Ninth Circuit held that the plaintiff was permitted to file his Second Amended Complaint as a matter of course, without seeking leave of court. That was because the plaintiff had obtained the defendants' consent before filing the First Amended Complaint and, therefore, had not exhausted his one amendment as a matter of course under Rule 15(a).

Unlike the plaintiff in *Ramirez*, Plaintiff did not have Defendants' consent or leave of Court before filing her First Amended Complaint in this action on October 15, 2015. As such, Plaintiff exhausted her one amendment as a matter of course on October 15, 2015, and cannot make any further amendments to her complaint without Defendants' consent or leave of this Court.

The Court also rejects Plaintiff's assertion that Fed. R. Civ. P. 15(a)(1) requires the original complaint to be served in order to "trigger" the right to file an amended complaint as a matter of course.[2] Plaintiff's tortured interpretation has no support in the text of the rule, or its history. The Advisory Committee Notes explain as follows with respect to the 2009 Amendments to Fed. R. Civ. P. 15(a)(1):

> Rule 15(a)(1) is amended to make three changes in the time allowed to make ***one amendment as a matter of course.***

---

[2]Moreover, even if Plaintiff's interpretation of Rule 15(a)(1) was accepted by this Court (which it is not), it would not aid Plaintiff. Plaintiff argues that Fed. R. Civ. P. 15 "requires the original complaint to be 'served' to *trigger* the application of 15(a)(1)(A) and the concomitant right to amend as a matter of course." (Pl.'s Motion for Leave to File Surreply at 6) (emphasis in original). Plaintiff acknowledges that her original complaint was filed on October 3, 2015, but that it was never served. If Plaintiff's original complaint was never served, then under Plaintiff's own interpretation of the rule, her right to file an amended complaint under Rule 15 was never triggered, and therefore, she would have no right to file an amended complaint as a matter of course.

> Former Rule 15(a) addressed amendment of a pleading to which a responsive pleading is required by distinguishing between the means used to challenge the pleading. Serving a responsive pleading terminated the right to amend. Serving a motion attacking the pleading did not terminate the right to amend, because a motion is not a "pleading" as defined in Rule 7. The right to amend survived beyond decision of the motion unless the decision expressly cut off the right to amend.
>
> The distinction drawn in former Rule 15(a) is changed in two ways. First, *the right to amend once as a matter of course* terminates 21 days after service of a motion under Rule 12(b), (e), or (f). This provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.
>
> Second, the right to amend *once as a matter of course* is no longer terminated by service of a responsive pleading. The responsive pleading may point out issues that the original pleader had not considered and persuade the pleader that amendment is wise. Just as amendment was permitted by former Rule 15(a) in response to a motion, so the amended rule permits *one amendment as a matter of course* in response to a responsive pleading. The right is subject to the same 21-day limit as the right to amend in response to a motion.

2009 Advisory Committee Notes to Fed. R. Civ. P. 15 (emphasis added).  In short, the 2009 amendments to Rule 15 changed when and how the right to make one amendment as a matter of course *terminates*.  They do not require the original complaint to be served in order to trigger the right to make one amendment as a matter of course, and they clearly do not give a party the right to make more than one amendment as a matter of course.

Accordingly, the Court shall grant the Southfield Defendants' Motion to Strike to the extent that the Court shall strike Docket Entry Numbers 6 and 13 because they were filed in violation of Fed. R. Civ. P. 15(a).  That leaves Plaintiff's First Amended Complaint and Jury Demand" filed on October 15, 2015 (D.E. No. 4) as the operative complaint in this action.

The Court notes that in her various briefs, Plaintiff has requested that the Court "accept

Plaintiff's second amended complaint filed on December 2, 2015, as a motion for leave granted." (*Id*. at Pg ID 607).   To the extent that Plaintiff is asking this Court to grant her leave to file the amended complaints she filed in violation of Fed. R. Civ. P. 15(a), that request is denied.

If Plaintiff wishes to file an amended complaint at this stage of the litigation without Defendants' consent, Plaintiff must file a proper motion seeking leave to file an amended complaint.  And pursuant to Local Rule 15.1, any such motion must be accompanied by the actual proposed amended complaint that Plaintiff seeks to file.

Following that procedure allows Defendants to respond to the motion, setting forth any grounds they may have to oppose the motion.

The Court shall order that if Plaintiff wishes to file an amended complaint, she must file a motion seeking leave to file an amended complaint, with her proposed amended complaint attached as an exhibit to the motion, no later than March 18, 2016, at 5:00 p.m.  If Plaintiff does not file such a motion by that date and time, the Court will proceed to determine the Southfield Defendants' Motion to Dismiss, which has already been fully briefed by the parties.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that the Southfield Defendants' Motion to Strike is **GRANTED** to the extent that the Court hereby **STRIKES** the amended complaints filed by Plaintiff as Docket Entry Numbers 6 and 13 because they were filed in violation of Fed. R. Civ. P. 15(a).   That leaves Plaintiff's First Amended Complaint and Jury Demand" filed on October 15, 2015 (D.E. No. 4) as the operative complaint in this action.

The Court further **ORDERS if Plaintiff wishes to file an amended complaint, she must file a motion seeking leave to file an amended complaint, with her proposed amended**

9

**complaint attached as an exhibit to the motion, no later than March 18, 2016, at 5:00 p.m.**

**If Plaintiff does not file such a motion by that date and time, the Court will proceed to determine the Southfield Defendants' Motion to Dismiss, which has already been fully briefed by the parties.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 22, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 22, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager