UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Green,

       Plaintiff,

v.                               Case No. 15-13479

City of Southfield, *et al.*,          Sean F. Cox
                                 United States District Court Judge

       Defendant.
_____/

**ORDER SETTING ASIDE
SECOND CLERK'S ENTRY OF DEFAULT
AS TO DEFENDANT GEICO**

Plaintiff obtained a clerk's entry of default against Defendant Geico Indemnity Company ("Geico") on January 1, 2016, that was later set aside by this Court because Plaintiff had not properly served Geico.

Thereafter, on June 2, 2016, Plaintiff's Counsel obtained a second clerk's entry of default against Geico. *On that same day*, Geico filed a motion seeking to set aside the June 2, 2016 clerk's entry of default. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided without oral argument – and without awaiting a response from Plaintiff.

As explained below, the Court shall GRANT the motion.

"Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. However, a strong preference for trials on the merits in federal courts had led to the adoption of a somewhat modified standard of review where defaults are involved." *Shepard*

1

*Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 193 (6th Cir. 1986). In practice, Courts employ a "lenient standard" in evaluating a request to set aside a default that has not yet reached a default judgment. *Id.* Federal courts favor trials on the merits; therefore, "any doubt should be resolved in favor of the petition to set aside the judgment." *United Coin Meter Co.*, 705 F.2d at 846.

Pursuant to Federal Rule of Civil Procedure 55(c), "[f]or good cause shown" the Court may set aside an entry of default. When evaluating either a motion to set aside a proper entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844–45 (6th Cir. 1989).

Here, the default was not the result of willful or culpable conduct and Defendant Geico has stated potentially meritorious defenses. Plaintiff will not be prejudiced if the default is set aside, as this case is still at a very early stage of the litigation and the Court not yet even held the initial scheduling conference and has not issued a scheduling order.

The Court hereby **ORDERS** that Defendant Geico's motion seeking to set aside the June 2, 2016 clerk's entry of default is **GRANTED** and the June 2, 2016 Clerk's Entry of Default (Docket Entry No. 53) is hereby **SET ASIDE.**

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 14, 2016

2

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 14, 2016, by electronic and/or ordinary mail.

S/Keisha Jackson
Case Manager