UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Green,

    Plaintiff,

v.                                Case No. 15-13479

City of Southfield, *et al.*,        Sean F. Cox
                                           United States District Court Judge

    Defendants.

_____/

# ORDER
# ON PLAINTIFF'S OBJECTIONS
# TO MAGISTRATE JUDGE'S ORDER ON
# DEFENDANTS' SECOND MOTION FOR PROTECTIVE ORDER (D.E. NO. 139)

The Southfield Defendants (hereinafter "Defendants") filed two different motions for protective orders, which were referred to the magistrate judge. This matter is currently before the Court on Plaintiff's objections to the magistrate judge's order on Defendants' Second Motion for Protective Order. (D.E. No. 139).

On November 22, 2016, Magistrate Judge Whalen issued an Order granting the first motion for protective order filed by Defendants. (D.E. No. 103). That order stated that "[f]or the reasons and terms stated on the record on November 17, 2016, City of Southfield Defendants' Motion for Protective Order Preventing the Depositions of Chief Hawkins, Deputy Chief Fitzgerald, and City Administrator Zorn [Doc. #86] is GRANTED, without prejudice to Plaintiff seeking to depose these individuals if justified by their interrogatory responses." (*Id.*). The transcript of the November 17, 2016 states as follows:

> THE COURT: I'm going to grant Southfield's motion, Southfield defendant's motion for the protective order, but without prejudice to raising the issue again,

1

> depending upon the responses to the interrogatories that have been propounded.
> 	Now, what I mean by that is if – and I have no idea what the interrogatories say or what the responses are going to be, but if the chief of police or these other two individuals were to indicate in their interrogatories that they have personal knowledge of the underlying – it's the underlying investigation that's critical here. If the interrogatories reveal that they had knowledge of the underlying investigation or they somehow participated in the underlying investigation, then a deposition, at least a limited deposition – deposition might be warranted.
> 	At this point – and I'm familiar with the *Serrano* case. At this point the *plaintiff has not overcome the presumption* as to these – these high-level executives, certainly not the – city manager. So on that basis I'll grant the motion without prejudice to raising it if necessary following the interrogatory responses. I'll enter a written order incorporating those comments.

(D.E. No. 118 at Pg ID 2441) (emphasis added). Thus, the magistrate judge precluded the depositions as issue under the apex doctrine, because he concluded the individuals at issue lacked personal knowledge relating to Plaintiff's claims.

On December 22, 2016, Defendants filed their "Second Motion for Protective Order" (D.E. No. 116) wherein they asked the Court to preclude the depositions of: 1) Southfield Police Chief Eric Hawkins; 2) Southfield Deputy Police Chief John Fitzgerald; 3) Southfield City Administrator Frederick Zorn; 4) an unidentified front desk police officer; 5) an unidentified "person in IT" at the City of Southfield, and 6) City Administrator Zorn's secretary. Defendants asked the Court to preclude the depositions of Hawkins, Fitzgerald, and Zorn under the "Apex Doctrine" because those persons lack personal knowledge and because "[t]he Apex Doctrine *presumes that the depositions of high-level officers are harassing and abusive*." (Defs.' Motion at 1) (emphasis added). Defendants also argued that the Court should preclude all of the depositions because they are irrelevant to Plaintiff's cause of action and not likely to lead to admissible evidence. Defendants also asked the Court to preclude Plaintiff from propounding requests for admission for the remainder of the case, arguing that Plaintiff's Counsel had drafted

2

them in an improper manner.

On March 14, 2017, the magistrate judge issued an Order (D.E. No. 139) in which he ruled that "[f]or the reasons and under the terms stated on the record on February 7, 2017, City of Southfield Defendants' Second Motion for Protective Order [Doc. #116] is GRANTED." That order set forth two rulings in connection with the motion. First, the magistrate judge ruled that "Plaintiff will not be permitted to depose Eric Hawkins (Southfield Police Chief), John Fitzgerald (Deputy Police Chief), Frederick Zorn (Southfield City Administrator), Mr. Zorn's secretary, a City of Southfield IT representative, or any other City of Southfield personnel regarding what Plaintiff has characterized as her 'citizen's complaint.'" (*Id*. at Pg ID 3058). Second, the magistrate judge ruled that the "motion for protective order is also granted with respect to the Requests for Admission submitted by Plaintiff. However, Plaintiff is permitted to resubmit properly framed Requests for Admission, as stated on the record." (*Id*. at Pg ID 3059).

Notably, the transcript of the motion hearing reflects that the magistrate judge was making the ruling on the depositions under the apex doctrine. (2/7/17 Hrg. Tr. at 24). He stated that "the depositions of these individuals would be irrelevant, and balanced against the burden of producing these individuals under the apex doctrine would be disproportional. So I'll grant the protective order." (*Id*. at 24-25).

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, when a magistrate judge issues an order pertaining to a nondispositive motion, a party may file objections to that order within 14 days after being served with it. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."

On March 28, 2017, Plaintiff filed objections to the magistrate judge's Order on Defendants' Second Motion for Protective Order.

## I. Objection To Portion Of Order Pertaining To Requests For Admission

This Court agrees that the requests for admission drafted by Plaintiff's Counsel were improperly drafted (*see, e.g.*, D.E. No. 116-17 at Pg ID 2371-72) and concurs with the magistrate judge's ruling as to the requests for admission. The Court therefore **OVERRULES** Plaintiff's objections to that portion of the magistrate judge's order that dealt with requests for admission.

## II. Objections To Portion Of Order Precluding Plaintiff From Taking Depositions

As this Court understands the magistrate judge's rulings on the Southfield Defendants' first and second motions for protective orders, the magistrate judge precluded Plaintiff from taking the depositions at issue based upon the apex doctrine.

Plaintiff now objects to that ruling, pursuant to *Serrano*, arguing that the magistrate judge erred in applying the apex doctrine even though Defendants failed to meet their burden of illustrating, "with a particular and specific demonstration of fact," one of Rule 26(c)(1)'s enumerated harms.

The Court finds that this objection has merit.

In *Serrano*, the United States Court of Appeals for the Sixth Circuit addressed the "apex doctrine." *Serrano v. Cintas Corp.*, 699 F.3d 884 (6th Cir. 2012). The court noted that, as articulated by the magistrate judge that had applied it, and some other district courts, the apex doctrine "appears to assume that 'harassment and abuse' are 'inherent'" in depositions of high-level officers and therefore allows such depositions to be barred unless there is a showing that the individual in question has relevant knowledge that is not readily obtainable from other

4

sources. *Id.* at 901. The Sixth Circuit expressed its *disagreement* with that assumed presumption of harm, explaining:

> This Circuit has endorsed the view that to justify a protective order, one of Rule 26(c)(1)'s enumerated harms "must be illustrated 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.' " *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004). In keeping with this principle, while we sometimes have considered the need for the deposition—*i.e.,* its potential to result in relevant testimony—in reviewing the grant or denial of a protective order, we have not abandoned the requirement that one of the harms listed in Rule 26(c)(1)(A) must be specified in order to warrant a protective order. Even in cases where we have considered extensively a corporate officer's knowledge and, thus, capacity to provide information relevant to the case, we have declined "to credit a [corporate officer's] bald assertion that being deposed would present a substantial burden," and still required the corporate officer to meet Rule 26(c)(1)'s requirements. *Conti v. Am. Axle & Mfg, Inc.*, 326 Fed. Appx. 900, 907 (6th Cir. 2009) (unpublished opinion).
>
> For example, in *Elvis Presley Enterprises v. Elvisly Yours*, 936 F.2d 889, 894 (6th Cir. 1991), we upheld a protective order barring the deposition of Priscilla Presley ("Presley"), a corporate executive of the plaintiff corporation, but independently verified the order's compliance with Rule 26(c)(1). Although we noted that Presley had filed an "affidavit stating that she had no knowledge" relevant to the particular trademark and state-law claims at issue, we also considered her sworn statement that the "primary purpose in deposing her would be to harass and annoy her." *Id*. In so doing, we declined to assume that Presley's role as a corporate officer warranted the assumption that the deposition would be unduly burdensome.

*Id*. at 901-02 (emphasis added).

In the case before it, the Sixth Circuit concluded "that the magistrate judge erred as a matter of law in relying on 'apex doctrine' to grant the protective order. In doing so, the magistrate judge considered only Farmer's knowledge relevant to the EEOC's claims and failed to analyze, as required by Rule 26(c)(1), what harm Farmer would suffer by submitting to the deposition. This error of law constitutes an abuse of discretion that warrants vacating the magistrate judge's order." *Id*. at 902.

5

"Consequently, in this Circuit, it is not sufficient for a party seeking a protective order prohibiting the deposition of a high-ranking government or corporate official to demonstrate that the official lacks knowledge. Rather, the party seeking a protective order must also demonstrate the harm the deponent would suffer by submitting to the deposition." *Duncan v. Husted*, 2014 WL 4659863 (S.D. Ohio 2014) (citing *Serrano, supra*, and *Elvis Presley Enterprises, Inc., supra*).

Here, as in *Serrano*, the magistrate judge precluded the depositions based upon the apex doctrine – without analyzing what harm these individuals would suffer by submitting to depositions. Moreover, Defendants' motion asked the Court to apply the apex doctrine and asserted, in error, that the doctrine "presumes that the depositions of high-level officers are harassing." (D.E. No. 116 at Pg ID 2199). Defendants have not met their burden of illustrating, "with a particular and specific demonstration of fact," one of Rule 26(c)(1)'s enumerated harms. Accordingly, the Court **SUSTAINS** Plaintiff's objection to the extent that the Court concludes that the magistrate judge erred in precluding the depositions under the apex doctrine.

Given the *very limited purpose* Plaintiff has stated for these requested depositions (ie., to explore the facts surrounding an alleged October 1, 2015 "Citizen Complaint" that Plaintiff claims to have delivered to the City offices) (*see* D.E. No. 129 at Pg ID 2684-85), however, pursuant to this Court's authority under Rule 26, the Court **ORDERS** that each of the depositions shall be **limited to one hour**. The Court further **ORDERS** that the depositions shall take place at the City's offices or defense counsel's office, which ever location Defendants prefer. To the extent practicable, the depositions should be scheduled to take place on the same day.

**IT IS SO ORDERED**.

                                                          S/Sean F. Cox  
                                                        Sean F. Cox  
                                                        United States District Judge

Dated: April 20, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 20, 2017, by electronic and/or ordinary mail.

                                                        S/Jennifer McCoy  
                                                        Case Manager