UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN GREEN,

   Plaintiff,         No. 15-13479

v.               District Judge Sean F. Cox
               Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, ET AL.,

   Defendants.
_____/

**ORDER**

Before the Court is Defendants' Motion for Reconsideration [Doc. #166] of my April 21, 2017 [Doc. #161]order granting in part and denying in part Defendants' motion for protective order [Doc. #145].

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which provides:

> "(3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

My previous order [Doc. #161] provided that the Plaintiff could depose a City of Southfield designee under Fed.R.Civ.P. 30(b)(6) to testify, among other areas, as to the

-1-

polices and procedures to be followed when conducting an investigation and follow-up investigations of serious injury traffic accidents effective on October 4, 2012, as well as treatment of citizens' complaints. However, the order also provided that Defendant Bassett could not serve as the Rule 30(b)(6) witness, since he is a defendant. Defendants seek reconsideration of the order, stating that Bassett is now a Deputy Chief with the Southfield Police Department, that he has personal knowledge of the relevant policies and procedures, and that "he is the only person left in the Southfield Police Department who has the requisite knowledge and authority to testify to those matters, because all of the other persons that knew of those policies at that time have retired." *Motion*, at 13, Pg ID 4205.

While it is preferable that an entity produce a Rule 30(b)(6) witness other than a named defendant, the Rule does not absolutely preclude a defendant as a witness. Here, Defendants make a compelling argument that there is no other qualified witness to testify about policies and procedures in place in 2012, because all other individuals who might have qualified have since retired. Defendant Bassett, who is now a Deputy Chief, does have that knowledge. I am therefore persuaded that Defendants have satisfied the requirements of L.R. 7.1(g)(3), and that their motion for reconsideration should be granted.

Accordingly, Defendants' motion for reconsideration [Doc. #166] is GRANTED, and Defendant Bassett may serve as their designated Rule 30(b)(6) witness. To the extent

that Bassett has already been deposed as a Defendant, he may be re-deposed on the Rule 30(B)(6) topics as necessary.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 4, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 4, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen