UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAWN GREEN,

       Plaintiff,                    No. 15-13479

v.                                District Judge Sean F. Cox
                                  Magistrate Judge R. Steven Whalen

CITY OF SOUTHFIELD, ET AL.,

       Defendants.
                              /

**ORDER**

Before the Court is Plaintiff's Motion for Reconsideration [Doc. #167] of my April 21, 2017 [Doc. #161] order granting in part and denying in part Defendants' motion for protective order [Doc. #145].

Motions for reconsideration are subject to E.D. Mich. L.R. 7.1(g)(3), which provides:

> "(3) *Grounds*. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

My previous order was predicated in part on the so-called "apex doctrine," which I applied to preclude the depositions of certain higher ranking City officials. However, on

-1-

appeal, the District Court sustained the Plaintiff's objections to my previous application of the apex doctrine [Doc. #139] and permitted the depositions to go forward, limiting each to one hour. In its Order [Doc. #160], the District Court also noted that the purpose of the requested depositions was "to explore the facts surrounding an alleged October 1, 2015 'Citizen Complaint' that Plaintiff claims to have delivered to the City offices."

The Court's order regarding both the apex doctrine and the permissibility of limited depositions on the "citizen complaint," although addressing my previous order of March 14, 2017 [Doc. #139], is applicable to the present order on which Plaintiff seeks reconsideration. As such, Plaintiff has met the requirements for reconsideration under L.R. 7.1(g)(3).

It would also appear the under the Court's order of April 20, 2017 [Doc. #160], Plaintiff was in fact granted leave to proceed with the very depositions he seeks in the present motion. To that extent, this motion for reconsideration may be moot. However, to the extent that the witnesses have not had their one-hour depositions, or have not been deposed regarding the "citizen complaint," this motion for reconsideration [Doc. #167] is GRANTED.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 4, 2017

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 4, 2017, electronically and/or by U.S. mail.

                                        s/Carolyn M. Ciesla
                                        Case Manager to the
                                        Honorable R. Steven Whalen