UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Green,

    Plaintiff,

v.                                      Case No. 15-13479

City of Southfield, *et al.*,       Sean F. Cox
                                                United States District Court Judge

    Defendants.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AS TO DEFENDANT GEICO**

On October 4, 2012, Plaintiff Dawn Green was involved in an automobile accident in Southfield, Michigan. She later filed this action, under 42 U.S.C. §§ 1983, 1985(3), and 1986, asserting that officers of the Southfield Police Department violated her constitutional rights, and conspired to do so, in the manner in which they investigated the accident.

When Plaintiff filed the amended complaint that is now the operative complaint, she also added a breach of contract claim against her automobile insurer, Defendant Geico Indemnity Insurance Corporation ("Geico").

In a prior Opinion & Order, this Court granted a summary judgment motion filed by the Southfield Defendants and dismissed all claims against the Southfield Defendants. The matter is currently before the Court on a Motion for Summary Judgment filed by Plaintiff as to Defendant Geico. This motion was fully briefed by the parties, including supplemental briefs, and the Court heard oral argument as well. For the reasons set forth below, the Court shall DENY Plaintiff's Motion for Summary Judgment as to Geico. As such, Plaintiff's breach of contract

claim against Defendant Geico shall proceed to a jury trial.

## BACKGROUND

Acting through counsel, D. Rick Martin, Plaintiff Dawn Green filed this action on October 3, 2015.

Plaintiff's Second[1] Amended Complaint (D.E. No. 48) is the operative complaint. Count IV, asserted against Defendant Geico, is the only remaining count.

Count IV is titled "Breach of Contract Claim," and it is asserted against Defendant Geico alone.[2] This Count alleges that on October 4, 2012 and November 14, 2012, Plaintiff was involved in automobile accidents while insured by Geico. (*Id.* at Pg ID 886). Plaintiff alleges that she sustained injuries in both accidents and that Geico paid requested wage loss and certain other benefits until it wrongfully terminated those benefits on January 14, 2013. Plaintiff alleges that Geico's "termination of benefits was based solely upon a defense medical examination performed by a Dr. Paul Drouillard, an orthopedic surgeon." (*Id*. at 887).

This count then includes a description of two different cases between Plaintiff and Geico in Wayne County Circuit Court, and facts pertaining to case evaluations. Towards the end of the Count, Plaintiff alleges:

> 53. That Defendant has unreasonably delayed making payment of No-Fault benefits to Plaintiff, in direct violation of the terms of said policy of insurance and MCL 500.3114(2) and continues to do so.

---

[1] As explained in this Court's March 8, 2017 Order, despite its title, this was actually the *sixth complaint* filed by Plaintiff in this action. (*See* D.E. No. 138 at Pg ID 3051).

[2] Although this count was inserted at page 19 of the Second Amended Complaint, Plaintiff's counsel began numbering the paragraphs pertaining to Geico as paragraph 1, so there are two paragraphs 1, two paragraphs 2, etc.

54. That an actual controversy exists as to the responsibilities of Defendant, Geico to pay No-Fault PIP benefits to Plaintiff, as a result of physical and neurological injuries the case evaluation panel found were either caused or aggravate by automobile accidents that occurred on October 4, 2012 and November 14, 2012, respectively.

(*Id*. at Pg ID 893).

Geico asserted numerous affirmative defenses in response to Plaintiff's breach of contract claim against it, including that "Plaintiff's alleged injuries and treatment are not causally related to the automobile accident," "Plaintiff has submitted claims that were not reasonably incurred, actually incurred and/or not necessary," "Plaintiff has failed to provide adequate documentation or support for the benefits claimed," "Plaintiff is not entitled to an award for attorney fees, interest, or costs for the reason that the Defendant has not unreasonably refused to pay the Plaintiff's claim or unreasonably delayed in making proper payment of substantiated and proper claims" and that "Defendant is entitled to reasonably rely upon the findings and opinions of physicians who have or will examine and/or evaluate Plaintiff." (*See* D.E. No. 56).

**ANALYSIS**

On May 19, 2017, Plaintiff filed a Motion for Summary Judgment Against Geico. (D.E. No. 170). Although titled "Motion for Summary Judgment," in this motion, Plaintiff's Counsel is actually seeking entry of partial summary judgment, as to liability only, against Geico. (*Id*. at Pg ID 4557). Plaintiff's motion then believes that the amount of damages would be "determined by the Court." (*Id.*). But the docket reflects that both Plaintiff and Geico have demanded a jury trial. Thus, even if Plaintiff could establish liability as a matter of law, there would be a jury trial as to damages.

As Counsel for Geico notes, Plaintiff's motion is convoluted and difficult to follow. As summarized by Geico, "What is currently being disputed between Plaintiff and Defendant is the nature and extent of the injuries Plaintiffs may have sustained in the automobile accidents, and whether or not the pending claims are reasonable and necessary, pursuant to the No Fault Act, MCL 500.3107, MCL 500.3142. Pursuant to MCL 500.3107, the Plaintiff bears the burden of proving that the injury arose out of the subject accident, and that the expenses incurred were reasonably necessary for her care, recovery, and/or rehabilitation. See also *Nelson v. DAIEE*, 137 Mich App 226 (1984)." (Def. Geico's Resp. at 3).

In addition, as Geico asserts in its supplemental brief, there also appear to be disputes regarding disability certificates provided by Plaintiff's treater, disputed issues of fact regarding whether Plaintiff's injuries are related to or arose out of the motor vehicle accidents, and issues concerning whether Plaintiff failed to appear for independent medical examinations.

The Court agrees with Geico that there are genuine issues of fact that must proceed to the trier of fact and, therefore, the Court shall deny this motion.

## CONCLUSION & ORDER

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment as to Defendant Geico is **DENIED**.

It is **FURTHER ORDERED** that Plaintiff and Defendant Geico shall appear for a Final Pretrial Conference in this matter on **April 24, 2018 at 9:30 a.m., in room 425**. Counsel are ORDERED to carefully review this Court's Scheduling Order in order to properly prepare for,

4

and attend, that conference.

       IT IS SO ORDERED.

                                              s/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: March 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2018, by electronic and/or ordinary mail.

                                              s/Jennifer McCoy
                                              Case Manager