UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Dawn Green,

    Plaintiff,

v.                                              Case No. 15-13479

City of Southfield, *et al.*,           Sean F. Cox
                                                      United States District Court Judge

    Defendants.
_____/

## ORDER
## DENYING THE SOUTHFIELD DEFENDANTS'
## MOTION FOR SANCTIONS UNDER § 1988 (D.E. NO. 221)

On October 4, 2012, Plaintiff Dawn Green was involved in an automobile accident in Southfield, Michigan. She later filed this action on October 3, 2015, under 42 U.S.C. §§ 1983, 1985(3), and 1986, asserting that officers of the Southfield Police Department violated her constitutional rights, and conspired to do so, in the manner in which they investigated the accident.

Discovery and motion practice in this matter was very contentious, on both sides. After discovery ultimately closed, the Southfield Defendants filed a Motion for Summary Judgment.

In an Opinion & Order issued on March 7, 2018, this Court granted the Motion for Summary Judgment filed by the Southfield Defendants, and dismissed all claims against them. (D.E. No. 214). This Court ruled that the individual Defendants were entitled to qualified immunity as to Plaintiff's § 1983 claims and that Plaintiff could not proceed with a *Monell* claim against the City because there was no underlying constitutional violation. The Court further ruled that Plaintiff's conspiracy counts failed.

1

Thereafter, on April 4, 2018, the Southfield Defendants filed a Motion for Sanctions, pursuant to 42 U.S.C. § 1988, arguing that Plaintiff's cause of action against them was frivolous, unreasonable, and without foundation. Plaintiff opposes the motion. The Court concludes that oral argument would not aid the decisional process and therefore orders that the motion shall be decided without oral argument.

42 U.S.C. § 1988 provides '[i]n any action or proceeding to enforce a provision of section . . . 1983, 1985 and 1986 of this title," the "court, in its discretion, may allow the prevailing party" a "reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). As Defendants' motion acknowledges, Defendants bear the burden of establishing entitlement to an award under § 1988.

"An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.'" *Riddle v. Egensperger*, 266 F.3d 542m 547 (6th Cir. 2001) (quoting *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986)). Prevailing Defendants such as the Southfield Defendants should only recover if the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994).

Furthermore, "[t]he Supreme Court has instructed district courts considering prevailing defendants' applications for attorney fees to 'resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.' *Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. at 700. The decision is committed to the discretion of the trial judge, and is reviewed only for abuse of discretion. *Tarter,* 742 F.2d at 986." *Wayne,* 36 F.3d at 530.

2

While this Court ultimately ruled in favor of the Southfield Defendants, and granted summary judgment in their favor, this Court concludes that this is not an egregious case that warrants the extreme sanction of an attorney fee award under § 1988.  Accordingly, the Southfield Defendants' Motion for Sanctions under § 1988 is **DENIED.**

**IT IS SO ORDERED.**

                s/Sean F. Cox
                Sean F. Cox
                United States District Judge

Dated:  May 24, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2018, by electronic and/or ordinary mail.

                s/Jennifer McCoy
                Case Manager